UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| CHRISTOPHER KEITH HANDY<br>    TEXAS DEPT. OF CRIMINAL<br>    JUSTICE NO. 2092751<br>VS. | CIVIL ACTION NO. 6:17-CV-00033<br><br>SECTION P<br><br>JUDGE REBECCA F. DOHERTY |
| STATE OF LOUISIANA, ET AL | MAGISTRATE JUDGE WHITEHURST |

## REPORT AND RECOMMENDATION

On December 23, 2016, the instant *pro se* petition seeking habeas corpus relief, filed by Christopher Keith Handy ("Handy"), an inmate in the custody of the Texas Department of Criminal Justice, incarcerated at the Ramsey Unit, Rosharon, Texas, was transferred to this Court from the United States District Court, Middle District of Louisiana. [Rec. Doc. 1] This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court.

### *Background*

This is petitioner's fourth petition for writ of habeas corpus filed in this court. The first petition challenged his 1988 arrest and subsequent 1990 conviction for felony theft for which he was sentenced to serve five years imprisonment. *Handy v. State of Louisiana*, Docket Number 6:98-cv-00385. The state felony theft proceedings were docketed in the 27th Judicial District Court for the State of Louisiana in Docket Number 88-0099. This petition was dismissed on August 19, 1998, as the court lacked subject matter jurisdiction because petitioner had completely served his sentence and thus was not "in custody." *Id.* at Rec. Docs. 9 & 11; see also *Handy v. State of Louisiana, et al,*

6:98-cv-1898, Rec. Doc. 12, p. 2.[1]

In his second petition, filed in Docket Number 98-CV-1898, petitioner challenged his 1987 conviction for shoplifting, which proceedings were docketed in the 27th JDC, number 86-0071.

Plaintiff filed a Motion for Voluntary Dismissal of the third petition, "because he [didn't] want to pay the filing fee." *Handy v. State of Louisiana, et al,* 6:99-cv-1500, Rec. Doc. 4.

The instant petition purports to challenge petitioner's 1990 conviction for felony theft, Case Number 880099-C, 27th JDC, St. Landry Parish, Louisiana [Rec. Doc. 1, p.1], the same conviction that was the subject of his first habeas petition filed in this Court, 6:98-cv-385. Petitioner asserts that "Texas is using a Louisiana conviction to keep [him] in prison." [Rec. Doc. 6, p. 5] However, read liberally, petitioner also attacks his current conviction and custody in Texas. According to the habeas petition currently pending in the Southern District of Texas, he is currently serving a four year sentence stemming from a September 29, 2016 conviction in Harris County, Texas. *Handy v. Davis*, No. 4:17-cv-01115, Rec. Doc. 1 (S.D. Tex).

*Law and Analysis*

*A. Louisiana Conviction*

As petitioner is aware, Title 28 U.S.C. §2244(b)(3)(A) provides, "Before a second or

---

[1] Petitioner has also filed numerous petitions for habeas corpus in both the District Court for the Middle District of Louisiana and the District Court for the Southern District of Texas. These cases are docketed as LAMDC 3:97-cv-1071, dismissed 3-31-98; LAMDC 3:98-cv-398, dismissed 9-3-98; LAMDC 3:99-cv-363, dismissed 4-27-00; LAMDCTXSDC 4:96-cv-4499, dismissed 6-16-97; TXSDC 4:97-cv-2068, dismissed 9-3-98; TXSDC 4:97-cv-2716, dismissed 8-29-97; TXSDC 4:97-cv-3546, dismissed 6-12-98; TXSDC 4:99-cv-527, dismissed 9-20-2000; TXSDC 4:17-cv-1712, dismissed 7-18-17; TXSDC 4:17-cv-1115, currently pending. Petitioner appealed docket number 4:96-cv-4499 to the Fifth Circuit Court of Appeal. *Handy v. Johnson*, 97-20571, 97-20822, 97-20663, 97-20703 (consolidated appeals). On February 19, 1998, the Fifth Circuit dismissed the appeal, cautioning petitioner of sanctions should he filed future frivolous appeals.

successive application ... is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." This is the fourth petition for *habeas corpus* filed by this petitioner in this Court alone, the second related to the felony theft conviction. As noted above, petitioner's first petition for *habeas corpus* attacking the felony theft conviction in St. Landry Parish, Docket Number 880099-C, was dismissed as this Court lacked subject matter jurisdiction because petitioner had completely served his sentence and, thus, was not "in custody," as required for federal jurisdiction.

This petition attacks the same conviction which was the subject of that previous petition. Although AEDPA does not set forth what constitutes a "second or successive" application, the Fifth Circuit has long held that "a later petition is successive when it: (1) raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition; or (2) otherwise constitutes an abuse of the writ." *In re: Cain*, 137 F.3d 234, 235 (5th Cir.1998)*; see also Crone v. Cockrell,* 324 F.3d 833. Petitioner once again raises claims regarding his felony theft conviction, stemming from the conviction in St. Landry Parish, Docket Number 880099-C. Similar claims were raised, or could have been raised, and dismissed. Therefore, this petition is successive. Petitioner has not yet received permission from the Court of Appeals to file this successive petition in the District Court as required by the statute and therefore this Court lacks jurisdiction to consider his claims.

### B. Texas Conviction

Because petitioner is not in custody as a result of any Louisiana convictions, the court is without jurisdiction to entertain any challenge to his Texas convictions. Moreover, because these convictions were obtained in Texas and petitioner is serving his sentence from this convictions in

3

Texas, this court is not of proper venue to entertain petitioner's challenge. See 28 U.S.C. §2241(d). In light of the fact that petitioner has apparently challenged his Texas convictions in the District Court for the Southern District of Texas on numerous occasions, the undersigned recommends that this matter be dismissed as opposed to transferred.

Therefore,

**IT IS RECOMMENDED** that the petition be **DENIED** and **DISMISSED**.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See*, *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir.1996).

In Chambers, Lafayette, Louisiana, August 30, 2017.

CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE